# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW W. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-864-SPM |
| ) | |
| DAN WILCOT ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Matthew Miller's submission of a civil complaint and motion for leave to proceed in forma pauperis. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, as explained below, the Court finds that the complaint is frivolous and fails to state a claim upon which relief may be granted and will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that, *inter alia*, is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33

(1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

The complaint is handwritten on a Court-provided form. Plaintiff brings this action against seventy-five (75) named defendants, including celebrities such as Luke Bryan, Steven Spielberg, Jerry Bruckheimer, Jeff Goldberg, Kim Kardashian, Ivanka Trump, Brad Pitt, Jennifer Aniston, former President Donald Trump, and a myriad of individuals of whom plaintiff has not articulated a causal connection in this action.

The complaint is a compilation of disjointed and nonsensical statements that defy rational interpretation. Plaintiff appears to invoke both federal question and diversity jurisdiction. In the

section of the form complaint provided for plaintiff to list the specific federal statutes or constitutional provisions at issue in this case, he wrote, "treason, imparing, extorsion, embesslement, assault." [sic].

In the section of the form complaint provided for plaintiff to list the federal officials or agencies involved in this case, he wrote, "Thomas Hartgrewe, Dan Wilcot, Brad Harrison, Dennis Hammond, Gregory Armstrong, Audrey Fleissig." Although the first five individuals are named as defendants in this action, the Honorable Audrey Fleissig is not a defendant. Additionally, plaintiff does not indicate who the other named defendants are in relation to him, where they purportedly work, or how they are related to this case.

Although plaintiff has attempted to assert that the Court's jurisdiction lies in both diversity and federal question, at least one of the named defendants in this action, Gregory Armstrong, is alleged to be a citizen of the State of Illinois, and plaintiff has not alleged an amount in controversy or identified an amount in which he was purportedly damaged. In the section of the form complaint provided for plaintiff to identify the amount in controversy, he wrote: "It adds up that way." And in his request for relief he seeks, "huge amounts of money" from defendants and "the people who help them."

In the section of the form complaint titled "Statement of Claim," plaintiff writes:

> I am taken over.
> 1995 to present.
> Mostly Missouri.
> Around 400 concussions, internal bleeding, hyperextension, laceration, spine damage, upper and lower back pain, arm fracture, chest break, broken jaw, nose, hands, dislocated ribs, mangled toes, busted pelvis.
> Intentionally hurt, did harm.

On the "Civil Cover Sheet" attached to the Complaint, plaintiff indicates that he is bringing his lawsuit under "Treason" because of "getting left out."


**Discussion**

Despite having carefully reviewed and liberally construed the complaint, the Court cannot discern plaintiff's claims. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se plaintiffs are required to set out their claims and the supporting facts in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe pro se filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded). Additionally, plaintiff's allegations are nonsensical, and indeed "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of July, 2023.

_____
HENRY EDWARD AUTRY
UNITED STATES DISTRICT JUDGE